Filed 2/14/25  Sonnet v. Westside Residence Hall CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAY SONNET,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>WESTSIDE RESIDENCE HALL, INC., et al.,<br><br>        Defendants and Respondents. | B328230<br><br>(Los Angeles County Super. Ct. No. 20STCV26610) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald F. Frank, Judge.  Affirmed.

Greenslade Cronk, Michael Greenslade and Nicole C. Moskowitz for Plaintiff and Appellant.

Horvitz & Levy, Eric S. Boorstin, Andrew G. Spore; Berman, Berman, Berman, Schneider & Lowary, Mark Lowary and Rochelle M. McKenzie for Defendants and Respondents.

_____

Claiming he was injured by a malfunctioning elevator at Westside Residence Hall, Ray Sonnet sued property owner Westside Residence Hall, Inc. and property manager Cantwell Anderson Inc. (together, Westside). The trial court granted summary judgment in Westside's favor, and Sonnet appeals. On appeal, Sonnet contends the trial court erred when it granted summary judgment because (1) Westside failed to carry its initial burden as the moving party; (2) if the burden did shift to him, he raised triable issues of fact regarding Westside's knowledge of a dangerous condition; and (3) the court should have granted the continuance he requested on the day of the summary judgment hearing. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2020, Sonnet filed a complaint alleging, inter alia, negligence and premises liability against Westside. Sonnet alleged that on January 14, 2020, he was injured when the elevator he was in at Westside Residence Hall came crashing down multiple floors until it ultimately landed quickly and violently, slamming at the ground floor level. During discovery, Sonnet described the elevator as falling a few feet.

In 2022, Westside moved for summary judgment, arguing Sonnet did not have, and could not obtain, evidence establishing any defect or dangerous condition in the elevator that would have caused it to fall at the time of the incident, and the elevator free fall Sonnet alleged was mechanically impossible. Westside contended the undisputed evidence demonstrated it did not have actual or constructive notice of any dangerous condition or defect in the elevator, and even if the elevator was defective, the defect was trivial.

2

In opposition, Sonnet argued Westside had a duty under Civil Code section 1714 to exercise reasonable care. Sonnet argued Westside had not acted reasonably because it knew a malfunction of overspeed protections would cause serious injury, yet it failed for more than a decade to mitigate the risk by modernizing the elevators and bringing them up to code. Sonnet argued Westside negligently failed to bring the elevators up to state and federal standards through modernization, though it knew emergency rescues and repairs were increasingly frequent.

The trial court granted summary judgment on the ground there was no triable issue of material fact as to the issue of notice. Specifically, the trial court ruled, "Defendant has negated an essential element of plaintiff's case. That element is that defendant knew, or through the exercise of reasonable care should have known, of a condition with the elevator that created an unreasonable risk of the elevator jolting either suddenly upward or suddenly downward as Plaintiff testified to having occurred here. . . . '[T]he owner's actual or constructive notice of the dangerous condition is a key to establishing its liability.' Defendant is not held to the strict liability standard of a manufacturer of an allegedly defective product; rather, premises liability and negligence cases require plaintiff to prove the defendants' negligence in the ownership, care, or maintenance of its property. Here, there is no evidence from which a trier of fact could find that the moving defendants had any prior notice that the elevator might jolt or abruptly move up or down, or that the moving defendants created such a condition. While Defendant did have notice of other conditions of the pertinent elevator car and doors, the Court finds the evidence of an elevator becoming stuck between floors or having its doors fail to open is not prior

notice or knowledge of the claimed failure that caused Plaintiff's injuries here.

"Defendant has made the requisite affirmative showing that it made reasonable inspections of the premises including an inspection through its outside elevator maintenance company just days before the plaintiff's incident, and that said inspections did not reveal or discover an unsafe condition or defect with the elevator or its components. Plaintiff's opposition papers do not create a triable issue of fact as to actual or constructive notice of whatever condition it is that may have caused the elevator to jolt suddenly on the day of the incident. A generalized notice of the fact that the elevator system was old, or would benefit from upgrading, or was subject to non-injurious operational problems, is not sufficient. Plaintiff has not identified a claimed condition or cause of the jolting on the day of the incident even as of this point in the litigation, which is a further indication that the moving defendant did not have notice actual or constructive of that condition or cause."

Sonnet appeals.

## DISCUSSION

### I. **Denial of Continuance**

Sonnet unsuccessfully sought a continuance of the hearing on the motion for summary judgment during the hearing on the motion. We review the denial of a continuance for an abuse of discretion (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152) and find no abuse of discretion here.

Sonnet argues the trial court's failure to grant a continuance was reversible error, but he does not argue he met the statutory requirements for seeking a continuation of a

4

hearing on a summary judgment motion[1] or that good cause supported his request for a continuance.  Instead, he claims the court abused its discretion because of a comment it made after it granted Westside's motion for summary judgment.  Referring to a motion for summary judgment filed by a different litigant, the court said, "We still have another motion pending in this case for a bit of time in the future. · I think the hearing on that motion is on December—February 28. · I have not read any briefs that have been filed since I continued the hearing on that motion. · So I'll be looking forward to seeing what briefing and evidence I have concerning that motion that's still currently pending. · I'm not ruling on it today.  [¶]  Thank you, all, very much. · I look forward to seeing you folks in a few weeks' time at that hearing, and to read the papers that are filed in connection with that."  According to Sonnet, the trial court's statement implicitly indicates that although it had just granted summary judgment in Westside's favor, "it had not resolved [Westside's] liability," and therefore its

---

[1]     Code of Civil Procedure section 437c, subdivision (h) provides, "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."  "Although a trial court *may* excuse failure to comply with the requirement of a declaration in support of a motion for continuance [citations], the court is not required to do so."  (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 172.)

5

ruling denying a continuance exceeded the bounds of reason because it "accomplish[ed] the opposite of the trial court's intention" to further consider Westside's potential liability.

A fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and it is the appellant's burden to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Sonnet asks us to do the opposite: to conclude that despite having just granted Westside's motion for summary judgment with respect to Sonnet's complaint, the court nonetheless harbored an unstated conflicting intention to further consider Westside's liability simply because it made a parting reference to a hearing date and motion filed by another party. This we may not do. Moreover, even were we to make such a leap, Sonnet does not establish how the court's purported post-ruling intention to further consider Westside's liability demonstrates any error in its decision to refuse a continuance.

## II. **Summary Judgment Ruling**

We review a trial court's order granting summary judgment to determine whether triable issues of material fact exist. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "We therefore 'take the facts from the record that was before the trial court when it ruled on that motion. [Citation.] " 'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.' " [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) However,

"although we use a de novo standard of review here, we do not transform into a trial court. As a Court of Appeal, even in exercising our independent judgment, we do not find it sufficient for an appellant merely to claim the respondent should not have been successful [in the trial court] and then the burden shifts to the respondent . . . . Instead, the appellant must frame the issues for us, show us where the superior court erred, and provide us with the proper citations to the record and case law." (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913 (*Morgan*).)

A.    Westside's Initial Burden of Production

Sonnet argues Westside's motion for summary judgment failed to meet its initial burden of production as a matter of law for two reasons. First, Sonnet claims Westside had a nondelegable duty to maintain the elevators and that its showing was insufficient because it failed to assert facts that would exclude as a cause of the elevator's malfunction negligent repairs by the elevator service company it hired to maintain, service, and repair the elevators.

But Sonnet did not oppose the summary judgment motion on this ground in the trial court. Instead, he argued Westside owed him a duty of care under the general duty principles of Civil Code section 1714 but failed to act reasonably toward him in view of the probability he would be injured. Sonnet argued his injury was foreseeable: Westside had received elevator modernization proposals that included the replacement of one safety mechanism and the installation of another; it was aware of the serious injury a malfunction of overspeed protections would cause; and despite the elevator service company's and others' advice to modernize the elevators, it had not done so. Sonnet contended Westside was

7

negligent because it failed to bring the elevators up to state and federal standards and it knew that emergency rescues and repairs were happening more often.

None of these grounds for opposing the summary judgment motion concerned vicarious liability for the elevator service company's purportedly negligent repairs or the inadequacy of the motion for summary judgment because it failed to assert facts excluding negligence by the elevator service company as a cause of the elevator's malfunction. Nor did Sonnet oppose summary judgment on these grounds at oral argument on the motion. We therefore decline to consider this argument because it was not raised in the trial court. (*Howard v. Accor Management US, Inc.* (2024) 101 Cal.App.5th 130, 134 [appellant "forfeited any argument about the hotel's constructive knowledge or notice due to unreasonable inspections because she never presented this issue to the trial court, either in her opposition brief or during oral argument"]; *Magallanes de Valle v. Doctors Medical Center of Modesto* (2022) 80 Cal.App.5th 914, 924 [appellant's new theories of liability rejected on appeal because they were not raised in the trial court].)

Second, Sonnet contends the doctrine of res ipsa loquitur applies and that Westside did not shift the summary judgment burden to Sonnet because it did not produce evidence of the elevator's malfunction that would eliminate its own negligence as a cause. Although he did not argue res ipsa loquitur in the trial court, Sonnet claims he may raise its applicability for the first time on appeal because it is purely a legal question based on undisputed facts. Res ipsa loquitur, however, is not a pure question of law. It is an evidentiary presumption triggered by evidence of certain conditions. "In California, the doctrine of res

8

ipsa loquitur is defined by statute as 'a presumption affecting the burden of producing evidence.' (Evid. Code, § 646, subd. (b).) The presumption arises when the evidence satisfies three conditions: ' "(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." ' " (*Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 825– 826 (*Brown*).) In the trial court, Sonnet did not present evidence and argue in opposition to the summary judgment motion that the three conditions for res ipsa loquitur were satisfied, and he therefore has forfeited this claim.[2] (*Expansion Pointe Properties Limited Partnership v. Procopio, Cory, Hargreaves & Savitch, LLP* (2007) 152 Cal.App.4th 42, 54–55 [" 'in reviewing a summary judgment, the appellate court must consider only those facts before the trial court, disregarding any new allegations on appeal. [Citation.] Thus, *possible theories that were not fully developed or factually presented* to the trial court cannot create a "triable issue" on appeal' "].)

---

[2] In his reply brief, Sonnet claims he relies exclusively on three facts in Westside's separate statement of material facts to establish the applicability of res ipsa loquitur. However, these facts—Westside contracted with the service company for elevator maintenance and repair; the service company regularly and systematically maintained and repaired the elevator both before and after the incident; and the elevator company had inspected and serviced the elevator shortly before the incident, ensuring its functionality at that time —do not establish all three conditions precedent for res ipsa loquitur. (See *Brown*, *supra*, 4 Cal.4th at pp. 825–826.)

Even if the argument were not forfeited, Sonnet has not shown error. When a defendant moves for summary judgment on the ground that the plaintiff cannot prove the defendant breached a duty of care that proximately caused harm, the plaintiff can defeat the summary judgment motion by showing the res ipsa loquitur doctrine applies. (*Elcome v. Chin* (2003) 110 Cal.App.4th 310, 318 [when moving defendants met their burden of producing evidence they did not breach the standard of care or cause plaintiff's injuries, burden shifted to plaintiff to raise a triable issue of material fact either by producing direct evidence of each defendant's negligence and causation or by producing evidence of the three elements of res ipsa loquitur]; see *Brown*, *supra*, 4 Cal.4th at pp. 825–826.) Sonnet, however, places the burden on Westside, asserting Westside was required to prove res ipsa loquitur did not apply in order to meet its *initial* burden of production on summary judgment. Sonnet provides no argument or authority to support his contention that a defendant moving for summary judgment on a negligence claim must disprove the doctrine's applicability before the burden of production shifts to the plaintiff, and we are aware of no authority supporting the use of the doctrine in this manner. Sonnet has not demonstrated error.

B.    Triable Issues of Material Fact

"[T]he owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206.) Sonnet argues summary judgment was erroneously granted because he raised triable issues of material fact regarding Westside's notice of a dangerous condition.

10

### 1. Notice of Similar Incidents

Sonnet asserts Westside knew of prior similar incidents with the elevator and was therefore on notice of its dangerous condition. The trial court found that although Sonnet had demonstrated the elevator required frequent repairs, he had not submitted evidence showing that any of the elevator malfunctions involved an elevator falling, jolting, or abruptly moving up or down. For this reason, the trial court concluded Sonnet had provided "no evidence from which a trier of fact could find that the moving defendants had any prior notice that the elevator might jolt or abruptly move up or down, or that the moving defendants created such a condition. While Defendant did have notice of other conditions of the pertinent elevator car and doors, the Court finds the evidence of an elevator becoming stuck between floors or having its doors fail to open is not prior notice or knowledge of the claimed failure that caused Plaintiff's injuries here."

On appeal, rather than providing argument demonstrating error in the trial court's ruling and the existence of a triable issue, Sonnet merely repeats the elevator repair history as set forth in his separate statement of undisputed material facts, then refers to a statement made by the trial court in a tentative ruling on the motion for summary judgment (a ruling the court ultimately did not adopt). This is insufficient to show error. (*Morgan*, *supra*, 223 Cal.App.4th at p. 913 [appellant must frame the issues and show error; it is not "sufficient for an appellant merely to claim the respondent should not have been successful . . . and then the burden shifts to the respondent"].)

11

Even if we overlook the lack of a developed argument here, Sonnet's showing is insufficient to show error. Although he acknowledges that in order to show notice of a dangerous condition based on a prior, similar incident, the "similar accident must have occurred under substantially the same circumstances" (*Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 432), Sonnet failed to provide evidence of a similar accident occurring under substantially the same circumstances as those alleged here. The elevator history Sonnet describes in his separate statement and his opening brief is: (1) the elevators at Westside Residence Hall were notorious for breaking down and frequently requiring emergency rescue and repair; (2) in the nine months prior to the Sonnet incident, the elevator in question required 13 unscheduled, non-routine maintenance visits; and (3) in the four months prior to the Sonnet incident, the elevator service provider received four emergency calls regarding passengers trapped in the elevator. Sonnet does not identify any service calls made for an abrupt jolt or fall, make any showing of a prior falling/jolting incident, or establish any similarity between prior elevator incidents and the events he alleged in this action.

Sonnet then states, "Moreover, as the lower court's initial tentative ruling on [Westside's] motion for summary judgment recognized, the deposition testimony of [an elevator technician] indicated that the elevator's pickup rollers, which fell out of adjustment in the past, may have caused a jolt of the elevator, resulting in Plaintiff's fall and injury. [Citation.] The court's ultimate ruling does not explain why it ultimately departed from this initial conclusion." Sonnet cites only to the court's tentative ruling, not to any evidence in the record. A tentative ruling is not

evidence to be considered in opposition to a motion for summary judgment.  (Code Civ. Proc, § 437c, subd. (b)(2) ["The opposition, where appropriate, shall consist of affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken"].)  Sonnet has not established error.

### 2. Prior Unsuccessful Repairs

In a conclusory three-sentence paragraph that does not include any developed argument or citations to the record, Sonnet asserts he was "entitled to draw an inference" that Westside had knowledge of the dangerous condition based on the elevator service company's "failed repairs."  " 'On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.  [Citation.] . . . "[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues.  As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.  In other words, review is limited to issues which have been adequately raised and briefed." ' " (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)  Sonnet's cursory presentation is insufficient to present an issue for review.

### 3. Unreasonable Failure to Discover the Dangerous Condition

Sonnet argues Westside had constructive notice of the dangerous condition of the elevator because "the problems with the subject elevators existed for long enough that the failure to

13

discover them was not reasonable." Sonnet claims a reasonable owner would have known of the need to upgrade the elevator's safety features for more than a decade for two reasons. First, the elevator service company had submitted proposals to modernize the elevators at the Westside Residence Hall four times in the 10 years before Sonnet's injury. Sonnet, however, does not demonstrate by argument, evidence, or authority that the modernization proposals concerned, addressed, or responded to any dangerous condition in the elevators that would have caused them to fall suddenly or jolt their passengers. That the elevator system was old and would benefit from modernization is not sufficient to establish notice that the elevator could suddenly jolt or plunge.

Second, Sonnet argues Westside had notice of a dangerous condition because the "[t]he Americans with Disabilities Act and California Building Code prescribed handrails in passenger elevators, which would have needed to be installed if the elevator had been modernized, as recommended by [the elevator service company], and which could have permitted Appellant to avoid crashing on the ground." Sonnet's complaint neither mentions handrails nor alleges a failure to comply with either law. Sonnet alleged in his complaint that the elevator's "component original or replacement parts malfunctioned," not that he was injured by a purported failure to install handrails or a violation of any code. The pleadings frame the issues to be decided on summary judgment. (*Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 444.) In a motion for summary judgment, the defendant need only address the issues raised in the complaint (*Government Employees Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 95, 98–99, fn. 4), and a plaintiff cannot

14

create a triable issue by presenting argument or evidence concerning issues not raised by the pleadings. (*Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 829; *Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342 [" ' "The [papers] filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings" ' "].)

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.

15